Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Lucas K. Hori (State Bar No. 294373)
lhori@rutan.com
Sarah Gilmartin (State Bar No. 324665)
sgilmartin@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Defendants
VIZIO INC. and VIZIO HOLDING CORP.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMIR KAVEHRAD, DEREK WILLIAMS, and NIKITA BOGOLYUBOV, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>VIZIO INC. and VIZIO HOLDING CORP.,<br><br>        Defendants. | Case No. 8:21-cv-01868 JLS (DFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Josephine L. Staton |

Rutan & Tucker, LLP
attorneys at law

032882-0008
17617409 5 a04/11/22

-1-

STIPULATED [PROPOSED] PROTECTIVE
ORDER

**1.     PURPOSES AND GOOD CAUSE.**

**1.1     Purposes and Limitations**:  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  The Parties hereby agree as follows:

**1.2     Good Cause Statement**:  This action is likely to involve trade secrets, customer and business information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to

Rutan & Tucker, LLP
attorneys at law
/032882-0008
17617409 5 a04/11/22
-2-
STIPULATED [PROPOSED] PROTECTIVE
ORDER

adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS.

**2.1   Action**: *Kavehrad, et al. v. VIZIO, Inc., et al.*, Case No. 8:21-cv-01868 JLS (DFMx).

**2.2   Challenging Party**:  A Party or Non-Party that challenges a designation of information or items under this Order.

**2.3   "CONFIDENTIAL" Information or Items**:  Information (regardless of how it is generated, stored or maintained) or tangible things which are not otherwise already public or in the public domain that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4   "HIGHLY CONFIDENTIAL" Information or Items**:  Highly sensitive "'CONFIDENTIAL' Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and which is not otherwise public or available in the public domain.

**2.5   Counsel**:  Outside Counsel of Record and House Counsel (as well as their support staff).

**2.6   Designating Party**:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Rutan & Tucker, LLP
attorneys at law
032882-0008
17617409 5 a04/11/22
-3-
STIPULATED [PROPOSED] PROTECTIVE
ORDER

**2.7    Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.8    Expert**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9    House Counsel**:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10    Non-Party**:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11    Outside Counsel of Record**:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.12    Party**:  Any party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs).

**2.13    Producing Party**:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14    Professional Vendors**:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15    Protected Material**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

**2.16    Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

Rutan & Tucker, LLP
attorneys at law

032882-0008
17617409 5 a04/11/22

-4-

STIPULATED [PROPOSED] PROTECTIVE
ORDER

**3.     SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.     DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL.**

**5.1     Exercise of Restraint and Care in Designating Material for Protection**: Each Party or Non-Party that designates information or items for protection under this Order must make a good faith determination that the specific material qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

1   documents, items, or communications for which protection is not warranted are not

2   swept unjustifiably within the ambit of this Order.

3       If it comes to a Designating Party's attention that information or items that it

4   designated for protection do not qualify for protection, that Designating Party must

5   promptly notify all other Parties that it is withdrawing the inapplicable designation.

6       **5.2    Manner and Timing of Designations**:  Except as otherwise provided

7   in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery

8   Material that qualifies for protection under this Order must be clearly so designated

9   before the material is disclosed or produced.  Designation in conformity with this

10  Order requires:

11          a.    for information in documentary form (e.g., paper or electronic

12  documents, but excluding transcripts of depositions or other pretrial or trial

13  proceedings), that the Producing Party affix at a minimum, the legend

14  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY

15  CONFIDENTIAL" (hereinafter, "HIGHLY CONFIDENTIAL legend"), to each

16  page that contains protected material.  If any page contains Protected Material, the

17  entire page may be so marked.

18      If Disclosure or Discovery Material entitled to protection is included in

19  written answers to discovery requests of any kind, the portions of such answers or

20  responses that contain Protected Material shall be marked "CONFIDENTIAL" or

21  "HIGHLY CONFIDENTIAL."  If only a portion or portions of the material on a

22  page qualifies for protection, the Producing Party also must clearly identify the

23  protected portion(s) (e.g., by making appropriate markings in the margins).

24          b.    for testimony given in depositions or in other pretrial

25  proceedings, the Designating Party may either identify the Disclosure or Discovery

26  Material that constitutes Protected Material on the record before the close of the

27  deposition or proceeding, or designate the entirety of the testimony at the deposition

28  or proceeding as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before the

deposition or proceeding is concluded with the right to identify more specific portions of the testimony by page and line numbers as to which protection is sought within thirty (30) days following receipt of the deposition transcript.  The originals and all copies of the deposition transcript must bear the appropriate legend (CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend).

      c.     While Protected Material is being used at a deposition, no person to whom the Protected Material may not be disclosed under this Order shall be present.

      d.     While Protected Material is being used at a hearing or other proceeding, either Party may request that the courtroom be closed.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      e.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend (CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend).  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3**    **Inadvertent Failures to Designate**:  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If a Party or Non-Party discovers that it has inadvertently failed to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, it has the right to make that designation by notifying all other parties in writing of its designation within fourteen (14) days of discovering that it has failed to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.  Such failure shall be corrected by also providing the Receiving Party with substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Material with

1  the same corresponding Bates numbers as the original set.  The Producing Party

2  shall comply with Section 5.2 when re-designating Disclosure or Discovery Material

3  as Protected Material.

4       Upon receipt of such notice, all other parties must make reasonable efforts to

5  assure that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information is

6  treated in accordance with the provisions of this Order.

7       No Receiving Party shall be deemed to have violated this Order if, prior to

8  receiving notification of such later designation, the Receiving Party disclosed such

9  Discovery Materials or used it in a manner inconsistent with the later designation.

10  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

11       **6.1    Timing of Challenges**:  Any Party or Non-Party may make a good

12  faith challenge to a designation of confidentiality at any time that is consistent with

13  the Court's Scheduling Order.

14       **6.2    Challenge Notice**:  The Challenging Party shall initiate the dispute

15  resolution process over the designation of "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL" Information under Local Rule 37-1, *et seq*.  The Challenging

17  Party shall provide written notice ("Challenge Notice") of each designation it is

18  challenging (the "Challenged Material") and describe the basis for each challenge.

19  This Challenge Notice shall identify each issue in dispute, shall state briefly with

20  respect to each such issue the moving party's position (and provide any legal

21  authority which the moving party believes is dispositive of the dispute as to that

22  issue/request), and specify the terms of the order to be sought.  To avoid ambiguity

23  as to whether a challenge has been made, the Challenge Notice must recite that the

24  challenge to the Challenged Material is being made in accordance with this

25  Protective Order.  The Designating Party or its counsel shall thereafter, within

26  fourteen (14) calendar days, respond to such challenge in writing by either:

27  (i) agreeing to remove the designation; or (ii) stating the reasons for such

28  designation.  Counsel may agree to reasonable extensions.

**6.3    Meet and Confer**:  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) calendar days after the Designating Party's written response.  If the parties cannot resolve a challenge without court intervention, they shall comply with the Hon. Douglas F. McCormick's Judge's Procedures for discovery disputes (and with Local Rule 37-1).

The burden of persuasion with respect to any such application made under Local Rule 37-1 concerning the propriety of the confidentiality designation shall be governed by applicable law, the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Central District of California. Until the ruling on the dispute becomes final, the Challenging Party shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

# 7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

**7.1    Basic Principles**:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

/ / /

**7.2    Disclosure of "CONFIDENTIAL" Information or Items**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    Parties to this Action, and the officers, directors, and employees (including House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Experts may not use Protected Materials to their competitive advantage or for any purpose that does not relate to the above-captioned litigation;

d.    the Court and its personnel;

e.    court reporters and their staff;

f.    Professional Vendors, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and

/ / /

1  may not be disclosed to anyone except as permitted under this Stipulated Protective
2  Order; and

3          i.      any mediator or settlement officer, and their supporting
4  personnel, mutually agreed upon by any of the parties engaged in settlement
5  discussions.

6          j.      Any other person agreed to in writing by the Designating Party,
7  which agreement shall not be unreasonably withheld.

8      **7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items**:
9  Unless otherwise ordered by the Court or permitted in writing by the Designating
10  Party, a Receiving Party may disclose any information or item designated
11  "HIGHLY CONFIDENTIAL" only to:

12          a.      The Receiving Party's Outside Counsel of record in this action,
13  as well as employees of said Outside Counsel of Record to whom it is reasonably
14  necessary to disclose the information for this litigation and who have signed the
15  "Acknowledgement and Agreement to be Bound" that is attached hereto as
16  Exhibit A;

17          b.      Receiving Party's House Counsel and their staff (1) to whom
18  disclosure is reasonably necessary for this action and (2) who have signed the
19  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

20          c.      Experts (as defined herein) of the Receiving Party (1) to whom
21  disclosure is reasonably necessary for this litigation (2) who have signed the
22  "Acknowledgement and Agreement to be Bound" (Exhibit A), and (3) as to whom
23  the procedures set forth in paragraph 7.4, below, have been followed, provided that
24  Experts may not use Protected Materials to their competitive advantage or for any
25  purpose that does not relate to the above-captioned litigation;

26          d.      The Court and its personnel, including court reporters and their
27  staff;
28  / / /

e.     Professional Vendors and professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g.     potential or actual witnesses in the Action (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) following written notice to the Producing Party, at least seven days prior to any disclosure to the witness, of the witness's name, current employer and city and state of the witness's residence.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order, and

h.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Experts:**

a.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to paragraph 5 first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer and any employer that the Expert anticipates at the time of retention will employ the Expert in the future.

/ / /

b.      A Party that provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party objecting to the disclosure to the Expert may, within 14 days of the meet and confer, file a motion as provided in Civil Local Rule 7-1, *et seq.* (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to prevent the Expert from reviewing the specified information.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert should be refused and assess the risk of harm that the disclosure would entail.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal.  Until a ruling on the dispute becomes final, the Protected Material shall not be disclosed to the Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

a.      promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

/ / /

Rutan & Tucker, LLP
attorneys at law

032882-0008
17617409 5 a04/11/22                              -13-

STIPULATED [PROPOSED] PROTECTIVE
ORDER

b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

c.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

a.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

/ / /

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

c.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  If a non-Designating Party has actual knowledge that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was

Rutan & Tucker, LLP
attorneys at law

032882-0008
17617409 5 a04/11/22

-15-

STIPULATED [PROPOSED] PROTECTIVE
ORDER

1   disclosed or obtained by such person, the Party shall provide immediate written

2   notice of the unauthorized use or possession to the Party or Designating Party whose

3   material is being used or possessed.

4   **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5   **PROTECTED MATERIAL.**

6         The inadvertent production of either attorney-client privileged or attorney

7   work-product material ("Privileged Material") or Protected Material does not

8   constitute a waiver of any privilege or right to claim the privileged or confidential

9   status of the documents, materials, or information produced.  When a Producing

10  Party gives notice to Receiving Parties that certain inadvertently produced material

11  is subject to a claim of privilege or other protection, the obligations of the Receiving

12  Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Party

13  that discovers it has received materials designated as, or that appear by their terms to

14  be, Privileged Materials shall immediately follow the procedures outlined in *Rico v.*

15  *Mitsubishi Motors Corp.*, (2007) 42 Cal 4th 807, including disclosing the materials

16  to the Producing Party and inquiring whether the production of the materials was

17  inadvertent.  Within ten (10) calendar days of that disclosure, the Producing Party

18  must notify the Receiving Party in writing whether the production was inadvertent.

19  If the Producing Party does not respond within ten (10) calendar days, the Producing

20  Party waives all attorney-client privilege or work product protection with respect to

21  the particular materials identified.  During the ten (10) day period, counsel for the

22  Receiving Party shall retain all copies of the materials and shall not disclose,

23  disseminate, analyze, reference or otherwise use the materials.  Within fourteen (14)

24  days after the notification that the Privileged Materials have been returned,

25  sequestered, deleted or destroyed, the Producing Party shall produce a privilege log

26  pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure or as otherwise

27  agreed.  Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that

28  inadvertent disclosure in this action is also not a waiver of privilege or protection in

1  any other federal or state proceeding.  This Section 11 shall be subject to

2  modification by any additional procedure or terms that may be established in an e-

3  discovery stipulation that provides for production.

4  **12.    MISCELLANEOUS.**

5      **12.1   Right to Further Relief**:  Nothing in this Order abridges the right of

6  any person to seek its modification by the Court in the future.

7      **12.2   Right to Assert Other Objections**:  By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to

9  disclosing or producing any information or item on any ground not addressed in this

10  Stipulated Protective Order, including under the Federal Rules of Civil Procedure,

11  the Federal Rules of Evidence, any applicable Local Rules of the Court, and the

12  Court's General Pretrial and Trial Procedures.  Similarly, no Party waives any right

13  to object on any ground to use in evidence of any of the material covered by this

14  Protective Order.

15      **12.3   Reservations**:  Entering into, agreeing to or complying with the

16  provisions of this Order shall not:  (1) operate as admission that any particular

17  material contains Protected Material; or (2) prejudice any right to seek a

18  determination by the Court (a) whether particular material should be produced, or

19  (b) if produced, whether such material should be subject to the provisions of this

20  Order.  Nothing in this Order shall be deemed to prevent any Party from seeking

21  amendments to this Order to restrict the rights of access and use of documents and

22  the information referred to herein, or to allow access to persons not included within

23  the terms of this Order upon good cause shown.  Nothing contained in this Order

24  shall preclude a disclosing Party from using or disseminating its own Protected

25  Materials.  If, however, the disclosing Party intentionally disseminates its own

26  Protected Materials in a manner that is inconsistent with a claim that the information

27  is CONFIDENTIAL or HIGHLY CONFIDENTIAL, those documents shall lose

28  their status as Protected Materials.

**12.4   Rights to Inspect Certificates (Exhibit A)**:  All signed certificates of acknowledgment (attached hereto in their unexecuted form as Exhibit A) shall be maintained by counsel.  If a Party believes, in good faith, that there has been a violation of this Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed certificate of acknowledgment of all persons connected to the suspected violation, which copy shall be produced within five (5) days of the demand.  By execution of the certificate of acknowledgment, each person to whom disclosure of Protected Material is made pursuant to the terms of this Order subjects that person to the jurisdiction of this Court for the purpose of contempt or other proceedings in the event of any violation of this Order.

**12.5   Filing Protected Material**:  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION.**

After the final disposition of this Action, as defined in paragraph 4, within 90 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, and correspondence relating to this litigation, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14. VIOLATION OF ORDER.**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 11, 2022

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS K. HORI
SARAH GILMARTIN

By: _____ */s/ Michael D. Adams* _____

Michael D. Adams
Attorneys for Defendants
VIZIO INC. and VIZIO HOLDING
CORP.

Dated: April 11, 2022

CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
BENJAMIN F. JOHNS
SAMANTHA E. HOLBROOK
ALEX M. KASHURBA

By: _____ */s/ Alex M. Kashurba* _____

Alex M. Kashurba (*Pro Hac Vice*)
Attorneys for Plaintiffs
AMIR KAVEHRAD, DEREK
WILLIAMS and NIKITA
BOGOLYUBOV

Rutan & Tucker, LLP
*attorneys at law*

032882-0008
17617409 5 a04/11/22

-19-

STIPULATED [PROPOSED] PROTECTIVE
ORDER

1   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2   DATED:_April 15, 2022

3

4   _____

5

6   Hon. Douglas F. McCormick
    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law
032882-0008
17617409 5 a04/11/22
-20-
STIPULATED [PROPOSED] PROTECTIVE
ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Kavehrad, et al. v. VIZIO, Inc., et al.*, Case No. 8:21-cv-01868 JLS (DFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, or any other court to which this matter may be transferred, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

Pursuant to Local Rule 5-4.3.4, the filer attests on the signature page of this document that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  April 11, 2022

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS K. HORI
SARAH GILMARTIN

By: _____ */s/ Michael D. Adams* _____

Michael D. Adams
Attorneys for Defendants
VIZIO INC. and VIZIO HOLDING
CORP.

Rutan & Tucker, LLP
attorneys at law

032882-0008
17617409 5 a04/11/22

-22-

STIPULATED [PROPOSED] PROTECTIVE
ORDER